UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MARIA FERRER | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | Civil Action No. _____ |
| LIMPIEX CLEANING SERVICES, INC. | ) ) ) | June 18, 2019 |

**COMPLAINT AND JURY DEMAND**

1. Plaintiff Maria Ferrer worked third-shift for Defendants cleaning medical labs in downtown New Haven for more than five years. She worked five days a week from 10:00 in the evening until 7:00 in the morning, for a total of 45 hours. Improbably, Defendant Limpiex deducted an hour of pay each night for "lunch." Defendant believed that Ms. Ferrer was asking other workers about how much they were being paid, and so Defendant terminated her. Ms. Ferrer bring this action to recover unpaid wages, liquidated damages, back pay, costs, and attorney's fees pursuant to the Fair Labor Standards Act and Connecticut statutory provisions.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred within this judicial district.

## THE PARTIES

4.     Plaintiff Maria Ferrer is a resident of Connecticut who worked for the Defendant from about January of 2014 until Defendant fired her on March 6, 2019.

5.     Defendant Limpiex Cleaning Services, Inc. ("Limpiex") employed Ms. Ferrer and is located at 34 Raccio Park Road in Hamden, Connecticut.

## FACTS

6.     Limpiex hired Ms. Ferrer to clean office buildings in or around January of 2014.

7.     During the last several years, Ms. Ferrer worked the third shift, 10 PM to 7 AM, for 9 hours per shift, five days per week, for a total of 45 hours per week.

8.     The employer never paid Ms. Ferrer more than $12.75 per hour and never paid her any wages, much less an overtime premium, for hours she worked over 40 in a week.

9.     In or around 2017, Ms. Ferrer's then-supervisor Carlos Quintanilla would sometimes personally pay her an overtime premium in cash because he thought it was the right thing to do.  He could not ever convince Limpiex to assume that responsibility.

10.     Limpiex maintained a policy or practice that employees could not talk to supervisors, other employees, or members of the public about their wages.

11.     On March 6, 2019, Limpiex fired Ms. Ferrer and told her it was because she was she asked other employees about their own wages.

## COUNT ONE – FAIR LABOR STANDARDS ACT
**(Overtime)**

12.     By the conduct described above, Defendant Limpiex violated Plaintiff's right to be paid an overtime premium consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

13. Defendant's conduct as described above was willful, and Plaintiff Ferrer suffered an illegal loss of compensation.

### COUNT TWO – CONNECTICUT GENERAL STATUTES § 31-58, *et seq.*
### (Overtime)

14. By the conduct described above, Defendant Limpiex violated Plaintiff's right to be paid an overtime premium, in violation of Connecticut General Statutes §§ 31-60a and 31-76c.

15. Defendant's violation of the Connecticut General Statutes was made in bad faith, was arbitrary, and was unreasonable.

16. Because of Defendant's conduct, Plaintiff suffered an illegal loss of compensation.

### COUNT THREE – CONN GEN. STAT 31-51q
### (Retaliation)

17. By firing Ms. Ferrer for exercising her First Amendment right to talk to coworkers and members of the public about her and their wages, Limpiex violated Conn. Gen. Stat. § 31-51q.

18. Because of this illegal termination, Ms. Ferrer suffered a loss of income.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays that the Court award her:

1. All compensation due and owing to her by Defendant Limpiex.

2. Liquidated damages (compensatory) in an equal amount to her unpaid overtime premiums, pursuant to 29 U.S.C. § 216(b);

3. Double damages (punitive) in an amount equal to her unpaid overtime premiums, pursuant to Conn. Gen. Stat. § 31-68.

4. Plaintiff's costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. §31-72;

5. Nominal damages;

6. Such Other legal or equitable relief as the Court may deem just.

THE PLAINTIFF

By:   \_/s/_____
James Bhandary-Alexander
Ct28135
New Haven Legal Assistance Assoc.
426 State Street
New Haven, CT 06510
(203) 946-4811
(203) 498-9271 fax
Email: jbhandary-alexander@nhlegal.org
Her Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ James Bhandary-Alexander