UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIA FERRER,

   Plaintiff,

      v.                                                       No. 3:19-cv-00940(JCH)

LIMPIEX CLEANING SERVICES, INC.

   Defendant.

_____X

## RULING ON DISCOVERY MOTIONS

Plaintiff brings this cause of action against her former employer, Limpiex Cleaning Services, Inc., alleging a violation of the Fair Labor Standards Act overtime provisions, along with state statutes governing wages and illegal retaliation, including Connecticut General Statutes Statues §§ 31-60a and 41-76c, §§ 31-51q and 31-40z. Defendant employed Plaintiff Maria Ferrer for five years as a third-shift janitor cleaning medical labs and other downtown offices for about minimum wage. [Doc. #18 at 1]. She contends that the Defendant failed to pay an overtime premium for the time Plaintiff worked over forty hours during certain weeks. *Id.* Defendant denies these claims.

Before the Court is Defendant's Motion to Compel **[Doc. #17]** seeking a Court order to compel testimony from Plaintiff to questions that her counsel directed her not to answer during a deposition conducted on November 19, 2019. "Defendant seeks to question the Plaintiff about statements she made and documents she provided during the hiring process and during her employment. [Doc. #17 at 4]. Defendant contends that the purpose of the questions "is not to

1

obtain information about the Plaintiff's immigration status but to determine her overall credibility." *Id.* Plaintiff opposes the motion to compel and filed a Motion for Protective Order **[Doc. #18],** requesting that the Court limit discovery, pursuant to Fed. R. Civ. R. Rules 26 and 30, to protect Ms. Ferrer from answering "the three questions she refused to answer at her deposition, or any other question regarding her immigration status going forward in written discovery…in order to avoid the chilling and prejudicial effect of disclosure." [Doc. #18-1 at 5].

November 19, 2019 Deposition of Plaintiff

Plaintiff appended a copy of the relevant portions of the deposition transcript.[1] [Doc. #18-2; 19-1]. The three deposition questions that counsel for Plaintiff instructed his client not to answer are as follows:

1. "Q: When did you become a US Citizen?" [Ferrer Depo. Tr. 19:25];
2. "Q: So when my client hired you, did you present paperwork of your immigration status?" [Ferrer Depo. Tr. 22:2-3]; and
3. "Q: Did she give her paperwork that would satisfy an I-9 requirement?" [Ferrer Depo. Tr. 23:13-14].

These questions clearly demonstrate that Defendant requested information regarding Plaintiff's immigration status. The Court has reviewed the case law cited by Plaintiff and finds good cause exits to grant a protective order to limit written discovery and deposition testimony regarding Plaintiff's immigration status, pursuant to Fed. R. Civ. P. Rules 26 and 30. [Doc. #19 at 2-3, Doc. #18-1 at 2-3 (citing *Flores v DiBenedeto*, Civil No. 3:08CV884(AVC), 2013 WL

---

[1] Defendant did not inform the Court in its papers which questions Plaintiff refused to answer and did not provide a copy of the deposition transcript to permit review of the questions at issue. Rather, Defendant simply asserts that its counsel "did not ask about the Plaintiff's immigration status or for information *concerning* the plaintiff's immigration status." [Doc. #17 at 4 (emphasis in original)].

5563727, at *1 (D. Conn. Oct. 8 2013); *Barrera v. Boughton,* No. 3:07CV1436 (RNC), 2010 WL 1240904, at *5 (D. Conn. Mar. 19, 2010); *Regifo v. Erevos Enter., Inc.,* No. 06 CIV. 4266 SHS RLE, 2007 WL 894376, at * 2 (S.D.N.Y. 2007); *E.E.O.C. v. First Wireless Grp., Inc.,* No. 03-CV-4990 JS ARL, 2007 WL 586720, at *3 (E.D.N.Y. Feb. 20, 2007)("Discovery of immigration status-… in an employment discrimination action-is a potential weapon for harassing and intimidating individuals."); *Topo v. Dhir,* 210 F.R.D. 76, 78 (S.D.N.Y. 2002)("Courts have generally recognized the *in terrorem* effect of inquiring into a party's immigration status when irrelevant to any material claim."); *Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192–93 (S.D.N.Y. 2002)("[E]ven if such discovery were relevant, and at this juncture it appears not to be, the risk of injury to the plaintiffs if such information were disclosed outweighs the need for its disclosure.").

Defendant argues that the purpose of the questions was "not to obtain information about Plaintiff's immigration status but to determine her overall credibility." [Doc. #17 at 4]. "This strategy has been rejected by many courts because 'the opportunity to test the credibility of a party does not outweigh the chilling effect that disclosure of immigration status has on employees seeking to enforce their rights.'" *Flores*, 2013 WL 5563727, at *1 (quoting *Rengifo,* 2007 WL 894376, at *3); *Barrera,* 2010 WL 1240904, at *5 ("[W]hatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure.").

Simply put, Plaintiff's "immigration status and authority to work is a collateral issue." *Rengifo,* 2007 WL 894376, at *2. "Evidence of Plaintiff's Immigration Status is inadmissible because it directly contradicts a large body of case law from numerous Circuits including District Courts within the Second Circuit clearly holding that all employees, regardless of immigration

status, are protected by provisions of the FLSA." *Campos v. Zopounidis*, No. 3:09-CV-1138 VLB, 2011 WL 4852491, at *1 (D. Conn. Oct. 13, 2011) *(citing, Uto v. Job Site Services Inc.,* 269 F.R.D. 209, 211 (E.D.N.Y.2010)(citing *Flores v. Amigon,* 233 F. Supp. 2d 462, 463 (E.D.N.Y. 2002)); *Liu v. Donna Karan Int'l, Inc.,* 207 F. Supp. 2d 191 (S.D.N.Y. 2002); *Flores v. Albertsons, Inc.,* 01–cv–00515 (AHM), 2002 WL 1163623, at *5 (C.D. Cal. Apr. 9, 2002) (noting that "Federal courts are clear that the protections of the FLSA are available to citizens and undocumented workers alike")(citing *Patel v. Quality Inn So.,* 846 F.2d 700, 706 (11th Cir. 1988)). "While it is true that credibility is always at issue, that 'does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden on private enforcement of employment discrimination laws.'" *Rengifo,.* 2007 WL 894376, at *3 *(quoting Avila-Blum v. Casa de Cambio Delgado, Inc.,* 236 F.R.D. 190, 192 (S.D.N.Y. 2006)).

Although Defendant offered a compromise whereby the parties would "agree to enter into a confidentiality agreement regarding the Plaintiff's immigration status and agree[] to take no action to notify any agency or entity regarding immigration status," [Doc. #17 at 1], "the limitation does not abate the chilling effect of such disclosure." *Id.* 2007 WL 894376, at *3. "Even if the parties were to enter into a confidentiality agreement restricting the disclosure of such discovery ..., there would still remain 'the danger of intimidation, the danger of destroying the cause of action' and would inhibit plaintiffs in pursuing their rights." *Liu,* 207 F. Supp. 2d at 193 (quoting *Ansoumana v. Gristede's Operating Corp.,* No. 00 Civ. 0253(AKH) (S.D.N.Y. Nov. 8, 2000)); *see Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1064 (9th Cir. 2004)(The Ninth Circuit holding that "the protective order was justified because the substantial and particularized harm of the discovery—the chilling effect that the disclosure of plaintiffs' immigration status

could have upon their ability to effectuate their rights—outweighed [defendant's] interests in obtaining the information at this early stage in the litigation. We therefore hold that the district court's decision not to disturb the [magistrate judge's] order was neither clearly erroneous nor contrary to law."). This Court finds that Defendant's opportunity to test the credibility of Ms. Ferrer does not outweigh the public interest in allowing employees to enforce their rights. Accordingly, Plaintiff's objection to the three deposition questions is affirmed and the Motion for Protective Order is granted to questions regarding Ms. Ferrer's immigration status in both written discovery and deposition testimony, pursuant to Fed. R. Civ. P. Rules 26 and 30.

Defendant's Motion to Compel **[Doc. #17]** is **DENIED** and Plaintiff's Motion for Protective Order **[Doc. #18]** is **GRANTED**.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this 1st day of April 2020, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge